IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DECUS, INC., *et al.* | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| | : | NO. 16-5849 |
| HEENAN, *et al.* | : | |

KEARNEY, J.                                                                         February 27, 2018

## **MEMORANDUM**

Relying on the jury's verdict Defendants violated their service mark under the Lanham Act, Decus, Inc. and Decus Construction, Inc. ("Decus") now move for attorney fees. Unlike other federal statutes allowing attorney fees following success, the Lanham Act allows us to award reasonable attorney fees to the prevailing party only in "exceptional cases." Our fact-sensitive analysis considers the totality of circumstances in the litigation, not just whether the losing party acted culpably. We evaluate whether there is an unusual discrepancy in the merits of opposing positions or if the losing party litigated in an unreasonable manner. This case offers neither. While the jury made credibility determinations based on adduced disputed evidence in finding Defendants violated Decus's service marks, this case does not rise to the level of "exceptional" warranting an award of fees. We deny Decus's motion for attorney's fees in the accompanying Order.

### I. Background

Decus, a construction company performing general construction and construction management services in Pennsylvania and New Jersey, entered into a consulting agreement with Mark Heenan, manager of New Jersey construction company Heenan Holdings, LLC (together,

"Heenan"). The business relationship between the parties fell apart when Decus discovered Heenan attempted to divert business opportunities away from Decus to Heenan Holdings. Decus sued Heenan for fraud, tortious interference with contract, conversion, breach of contract, unjust enrichment, trademark infringement, and cyberpiracy under the Lanham Act. Heenan counterclaimed for breach of contract, fraud, conversion, and tortious interference with contract.

After a three-day trial, the jury returned a verdict in favor of Decus on its claims of fraud, tortious interference with contractual relations, conversion, breach of contract, unjust enrichment, and service mark claims under the Lanham Act. The jury awarded damages to Decus on all its claims except for the service mark claims.[1] The jury also awarded damages to Mark Heenan on his conversion claim. We entered judgment and permitted Decus to move for attorney fees under the Lanham Act.[2] Decus now moves for attorney fees under Federal Rule of Civil Procedure 54(d)(1), arguing it is entitled to such an award under Section 35 of the Lanham Act, 15 U.S.C. §1117(a).[3] Heenan opposes an award of fees.[4]

## II. Analysis

The Lanham Act provides "the court in exceptional cases may award attorney fees to the prevailing party."[5] The statute does not define "exceptional." Our court of appeals, adopting the Supreme Court's interpretation of identical language in the Patent Act, directs we may find a case "exceptional" sufficient to award fees to the prevailing party when "(a) there is an unusual discrepancy in the merits of the position taken by the parties or (b) the losing party has litigated the case in an 'unreasonable manner.'"[6] An "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[7]

2

Our determination of "exceptional" is within our discretion, made on a "case-by-case" basis "considering the totality of the circumstances."[8] Factors informing our determination include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."[9] The Supreme Court's *Octane Fitness* decision eliminated an earlier requirement of a defendant's culpable conduct, and our court of appeals in *Fair Wind Sailing* cautioned our discretion is "not cabined by a threshold requirement that the losing party acted culpably," but it "may well play a role in a district court's analysis of the 'exceptionality' of a case."[10]

### A. We find no unusual discrepancy in the merits of the parties' positions.

Cases within this Circuit impose attorney fees under the *Fair Wind Sailing* standard after finding an "unusual discrepancy in the merits" of the parties' position. Our issue is whether this case "stands out from the others."[11]

One example of unusual discrepancy can be found in *Renna v. County of Union, N.J.* where the district court approved a magistrate judge recommendation awarding attorney fees to a plaintiff seeking a declaratory judgment the defendant county had no trademark rights in its county seal used in plaintiff's public access television program.[12] A magistrate judge found an unusual discrepancy in the merits of the parties' positions because the county asserted trademark rights it knew, or should have known, did not exist, having relied on federal and state trademark law excluding from protection insignia of a municipality. The district court approved the recommendation although it found the County's argument its seal could be protected as an unregistered mark, had "at least had a tinge of plausibility."[13] Despite the "tinge of plausibility" in the County's position, the district court found "a party's position, to expose it to an award of

attorneys' fees, need not be wholly meritless or frivolous"; the language in *Fair Wind Sailing* turns on "an unusual discrepancy in the merits" of the parties' positions.[14] Because the County argued its seal could be protected as an unregistered mark and plaintiff argued it could not, the "discrepancy between the merits of those two positions is great enough to justify an award of attorneys' fees."[15]

We faced different facts. The positions of Decus and Heenan were not so discrepant. Neither party presented arguments lacking merit. The parties viewed their conduct differently. Our jury reviewed difficult issues of consent. Heenan argued Decus knew of his use of their service marks and, for at least some period, the parties had decided to work together. Decus disputed consent and argued the consulting agreement never morphed into a partnership or consent. Decus sued when it discovered the use of its service mark but only after trying to continue to work with Heenan. The parties repeatedly tried to resolve their dispute as to consent before this lawsuit. Heenan stopped using the service mark once Decus definitely told him to do so. Even more so than the facts addressed by Judge Leeson in *Parks, LLC v. Tyson Foods, Inc.,* Heenan did not need the Decus name to attract New Jersey construction business. The jury heard evidence at least one client – Gloucester Data Center - thought it was working with Heenan but knew of his connection with Decus. The fact question is the extent of this connection. The parties' positions were not meritless or frivolous. The discrepancy arises from a fact dispute – exactly the grounds for a jury trial.

We decline to hold the parties' different fact presentations based on good faith understandings creates the level of discrepancy in the merits warranting a finding of an exceptional case to award fees under the Lanham Act. To the contrary, this case with disputed issues of material facts is typical of our trials.

4

## B. Heenan did not litigate this case in an unreasonable manner.

In evaluating the totality of circumstances, we could also find this case to be exceptional based on the manner Heenan litigated the defense. But we need more than lawyers moving for relief and protecting their client's interests in motions filed in good faith.

Cases finding exceptionality based on litigation in an "unreasonable manner" include a defendant's continued trademark infringement after it knew, through the U.S. Patent and Trademark Office and plaintiff's cease and desist letters, its mark "was confusingly similar" to plaintiff's mark, and, after being sued by plaintiff, failing to litigate, having a default judgment taken against it.[16] In another case, the district court found the defendants' conduct in a franchise agreement dispute "exceptional" sufficient to award fees.[17] There, the defendant former franchisee continued to use the Motel 6 mark after the termination of the franchise agreement and transferred the property in a sham transaction to operators who continued the unauthorized use of the Motel 6 mark.[18] The district court found defendants' conduct resulted in protracted litigation, including multiple continuances resulting from changes in defense counsel and occasioned by the defendants "at the eleventh hour after opposing counsel and the Court made substantial investments in preparing for trial."[19] The district court considered, as an additional factor, the jury's conclusion defendants intentionally or willfully infringed on the Motel 6 mark which, no longer a "threshold requirement," "may well play a role in a district court's analysis of the 'exceptionality' of a case."[20]

Here, Heenan did not litigate this case in an "unreasonable manner." Both parties moved for reasonable extensions of briefing and an original trial date.[21] Decus moved to compel discovery and for summary judgment on the counterclaim.[22] Both parties timely moved *in limine*.[23] Heenan's only possible delay tactic involved showing up hours late for the settlement

5

conference requested by his counsel and request, on the morning of trial, for a continuance so he could produce records he just found or retain another lawyer. We summarily denied these requests. As in many commercial disputes, we addressed deposition objections during a deposition. We also addressed the absence of a key Decus witness at trial as we could not understand why a person within our subpoena power did not appear for trial. After a conference with the witness's lawyer, we found good grounds for excusing the personal testimony and accepted deposition testimony. Both sides represented their clients with vigor, as we expect.

This case did not offer a great number of unreasonable litigation positions. In *Park LLC*, Judge Leeson recently inventoried a series of litigation tactics intended to delay resulting in over 15 discovery motions. Judge Leeson criticized the losing party's conduct but, after balancing both parties' conduct, found a failure by both sides to work collaboratively in discovery did not suggest one side litigated the case in an unreasonable manner.[24]

We decline to find Heenan litigated this case in an unreasonable manner warranting a finding of an exceptional case.

### III. Conclusion

Winning a jury finding of liability on a Lanham Act claim does not make this case "exceptional" warranting an award of attorney fees. Decus has not met their burden under *Fair Wind Sailing*. This is not an exceptional case under the Lanham Act. In the accompanying Order, we deny Decus's motion for attorney fees.

---

[1] ECF Doc. No. 76.

[2] ECF Doc. Nos. 79, 81.

[3] ECF Doc. No. 82.

[4] ECF Doc. No. 84.

[5] 15 U.S.C. § 1117(a).

[6] *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (citing *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, --- U.S. ---, 134 S.Ct. 1749, 188 L.Ed.2d 816 (2014)).

[7] *Id.* at 314 (quoting *Octane Fitness*, 134 S.Ct. at 1756).

[8] *Id.* at 315 (quoting *Octane Fitness*, 134 S.Ct. at 1756).

[9] *Octane Fitness*, 134 S.Ct. at 1756, n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 (1994) (applying factors to determine an award of attorney fees under a similar provision of the Copyright Act)). *See also Parks, LLC v. Tyson Foods, Inc.*, No. 15-946, 2017 WL 3534993, * 1 (E.D. Pa. Aug. 17, 2017) (citing *Octane Fitness* factors in considering whether case is "exceptional").

[10] *Fair Wind Sailing*, 764 F.3d at 315. We recognize our colleagues cite culpability after *Fair Wind Sailing*, but we decline to cabin our analysis to Defendants' culpability, especially when the jury found liability but no damages under the Lanham Act. *See Sweet Street Desserts, Inc. v. Better Bakery, LLC*, No. 12-6115, 2017 WL 6311664, *3 (E.D.Pa. Dec. 11, 2017)(focusing on culpability and good faith in denying attorney fees); *Bethanie L. Mattek, LLC v. Donnay USA Ltd.*, No. 13-6188, 2016 WL 6542710, *2 (D.N.J. Nov. 1, 2016) (relying on pre-*Fair Wind Sailing* cases, awarding fees based on "culpable conduct" where defendant continued to use plaintiff's name, likeness, image, and indicia without authorization after failed contract negotiations); *Fruit Flowers, LLC v. Jammala, LLC*, No. 14-5834, 2015 WL 5722598, *6-*7 (D.N.J. Sept. 29, 2015)(relying on pre-*Fair Wind Sailing* cases, finding willful infringement of plaintiff's trademark after termination of parties' franchise agreement); *American Registry of Radiologic Technologists v. Sisk*, No. 14-6403, 2015 WL 1205021, *2 (D.N.J. Mar. 17, 2015)(relying on pre-*Fair Wind Sailing* cases based on culpable conduct and willful violation of the Lanham Act).

[11] *Octane Fitness*, 134 S.Ct. at 1756.

[12] No. 11-3328, 2015 WL 1815498 (D.N.J. Apr. 21, 2015).

[13] *Id.* at *3.

[14] *Id.*

[15] *Id.* at *4.

[16] *Cosmetic Warriors, Ltd. v. Nailush LLC*, No. 17-1475, 2017 WL 5157390, *6-*7 (D.N.J. Nov. 6, 2017).

[17] *G6 Hospitality Franchising LLC v. Hi Hotel Group, LLC*, 171 F.Supp. 3d 340 (M.D. Pa. 2016) *vacated and remanded*, 670 F.App'x 759 (3d Cir. 2016) (vacating only district court's interpretation of Lanham Act's anti-counterfeiting penalties with regard to Motel 6 mark and its failure to award prejudgment interest to plaintiff; award of attorney fees on finding of an exceptional case left intact).

[18] *Id.* at 348-49.

[19] *Id.* at 349.

[20] *Id.* (quoting *Fair Wind Sailing*, 764 F.3d at 315).

[21] ECF Doc. Nos. 18, 24, 29, 45.

[22] ECF Doc. Nos. 36, 38.

[23] ECF Doc. Nos. 55, 565.

[24] *Parks, LLC,* at *2.