UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DECUS, INC. and DECUS CONSTRUCTION, INC., | : <br> : <br> : <br> : Civil Action No. 2:16-cv-5849-MAK <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| MARK HEENAN and HEENAN HOLDINGS, LLC, | : <br> : <br> : |
| Defendants. | : |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1963 ALLOWING
REGISTRATION OF JUDGMENT IN OTHER DISTRICTS**

Plaintiffs, Decus, Inc. and Decus Construction, Inc. ("Decus"), by and through their undersigned counsel, hereby submit this Brief in support of their Motion for an Order Pursuant to 28 U.S.C. § 1963 Allowing Registration of Judgment in Other Districts. In support, Decus avers as follows:

## I. STATEMENT OF RELEVANT FACTS

On January 29, 2018, following a three-day jury trial presided over by the Honorable Mark Kearney, a verdict was entered in favor of Decus on all claims against Defendant Mark Heenan and Heenan Holdings, LLC. Defendants filed a Motion for New Trial, which was granted in part and denied in part by this Court by Order dated April 2, 2018. The Court entered an Amended Judgment on April 2, 2018 as follows:

1. In favor of Decus, Inc. and against Mark Heenan in the amount of $1,236,000;

2. In favor of Decus Construction, Inc. and against Mark Heenan in the amount of $36,000;

3. In favor of Decus, Inc. and against Heenan Holdings, LLC in the amount of $1,968,000; and

4. In favor of Mark Heenan and against Decus Construction, Inc. in the amount of $9,000.

To the best of Decus' knowledge, information and belief, neither Defendant Mark Heenan nor Heenan Holdings, LLC have any assets in Pennsylvania, real or personal, from which Decus could satisfy its judgment. See Affidavit of Kevin Watson, attached hereto as Exhibit "A."

## II. LEGAL ARGUMENT

The registration of a judgment in other districts is permitted by 28 U.S.C. § 1963 which states:

> A judgment in any action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of time for appeal or when ordered by the court that entered the judgment for good cause shown…

28 U.S.C. § 1963.

A district court may grant a motion to register a judgment in a foreign district before the expiration of the appeal deadline. Fidelity Bank, Nat'l Ass'n v. Anania, 1991 U.S. Dist. LEXIS 15959, 1991 WL 236208, at *2 (E.D. Pa. Nov. 1, 1991) ("Under 28 U.S.C. § 1963, a judgment may be registered in another district 'when ordered by the court for good cause,' even before the time for appeal expires.")

As stated above, 28 U.S.C. § 1963, authorizes this Court to order registration in other districts upon "good cause shown," which is satisfied by "a mere showing that the defendant has

substantial property in the other district and insufficient [property] in the rendering district."
<u>Associated Business Telephone Systems, Inc. v. Greater Capital Corp.</u>, 128 F.R.D. 63 (D.N.J. 1989); <u>see also</u> <u>Fidelity Bank</u>, 1991 U.S. Dist. LEXIS 15959, 1991 WL 236208, at *2 ("'Good cause' is satisfied where it is shown that the party against whom judgment was entered has assets in some other district and insufficient assets in the rendering district to satisfy the judgment.")

Here, neither Defendant Mark Heenan nor Defendant Heenan Holdings, LLC own any real or personal property in Pennsylvania. <u>See</u> Ex. A. An asset search of Defendant Mark Heenan revealed that Mr. Heenan owns several properties in New Jersey, and no property in Pennsylvania. A true and correct copy of the LexisNexis Comprehensive Person Report is attached hereto as Exhibit "B." Moreover, on January 13, 2017 Defendants filed a Motion to Transfer Venue attempting to transfer this case to the United States District Court for the District of New Jersey, Camden Division. In support of that motion, Defendant Mark Heenan submitted a Declaration indicating that he resides in Cherry Hill, NJ and Defendant Heenan Holdings, LLC is a New Jersey limited liability company with its headquarters in Moorestown, NJ. A true and correct copy of the Declaration in support of Defendants' Motion to Transfer Venue is attached hereto as Exhibit "C."

Additionally, Defendant Heenan Holdings, LLC is a limited liability company formed in the State of New Jersey. A true and correct copy of the Certificate of Formation is attached hereto as Exhibit "D." An asset search of Defendant Heenan Holdings, LLC reveals that all property owned by Heenan Holdings, LLC is located in New Jersey. A true and correct copy of the LexisNexis Comprehensive Business Report is attached hereto as Exhibit "E."

Based on the foregoing, it is respectfully submitted that good cause exists for the registration of the judgment entered in this civil action against the Defendants in the State of

New Jersey. The Defendants do not appear to have assets in Pennsylvania, but they do appear to have significant assets in New Jersey. The lack of assets in Pennsylvania, the rendering district, and the presence of assets in the foreign district, New Jersey, meets 28 U.S.C. § 1983's requirement of good cause

### III. CONCLUSION

Plaintiffs Decus, Inc. and Decus Construction, Inc. respectfully request that this Honorable Court enter its Proposed Order filed contemporaneously herewith, allowing Plaintiffs to register this Court's April 2, 2018 judgment, and any amendment thereto, in the federal district court of the State of New Jersey.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By: */s/ Kevin B. Watson*
Kevin B. Watson
Kathryn E. Pettit
*Attorneys for Plaintiffs, Decus, Inc. and Decus Construction, Inc.*

Date: April 5, 2018